Mr. Feinberg, I see you reserved two minutes for rebuttal, and you can begin whenever you're ready. Yes, thank you, Your Honor. May it please the Court, I'm Deputy Solicitor General in the New York State Attorney General's Office, and I'm here today representing the Appellant and Respondent Warden, Jamie LaManna. The District Court here held that Petitioner did not receive effective assistance of Appellate Counsel in the State Courts, because his counsel failed to argue that his trial counsel had been ineffective for failing to challenge venue in Albany County on five counts of the indictment, all of which related to specific narcotic sales that took place in Orange and Schenectady counties that were part of the same conspiracy. But as we demonstrated in our motion for reconsideration in the District Court, this challenge to venue in Albany County would have been frivolous. Venue was proper here under both the particular effect theory that the Petitioner challenged in his quorum nobis petition in the State Courts and in the habeas petition here in Federal Court, and under the conspiracy venue principle that we brought to the Court's attention. The particular effect theory was not the one that was really relied upon in the actual case. That was pointed out because of the waiver issue. But if you look at the actual record, we know that the trial court denied a venue motion by a co-defendant on the grounds that the substantive counts had venue because of the conspiracy count. That was the reason. That's exactly right, Your Honor. This case was presented in the grand jury, and the grand jury was instructed on the conspiracy theory of venue. And nobody has an argument for why that was legally incorrect for purposes of venue, right? I'm not aware of any substantial argument that that legal theory is incorrect here. New York law is very clear that in a conspiracy case, that as long as the conspiracy is charged in the county where the conspiracy takes place, that the same jury can hear charges relating to substantive crimes committed in furtherance of the conspiracy that took place in other counties. There's more than one motion about the lack of venue, right? So at the opening, in a pretrial motion, Williams challenges the failure to plead venue, right? Yes. And at the close of the government's case, Williams again, it's May 23, 2012, challenges the government hasn't proven venue by showing a connection to Albany, and Whitehead joins in that motion, right? Yes, I think so, Your Honor. So that's the trial transcript at 1293. He does that, and then the trial court denies it, right? Correct. So then it goes to the jury, and the trial court instructs the jury on venue that they need to find that venue was proper. It's an instruction that involves conspiracy and other possible grounds for venue, right? That's correct. And so the jury found that venue was proven, right? The jury found that each one of the counts at issue was proven, yes. And then after the trial, Whitehead files a quorum novus petition on the basis of venue, right? After the trial and after the appeal, the petitioner files a quorum novus petition in the state courts claiming that the only possible theory for jurisdiction here was this particular effect jurisdiction. And he was wrong on that. Okay, fine. But anyway, the appellate division rejects that, right? The appellate division rejected it without opinion. We have the trial court deciding on a pretrial motion that venue was properly alleged. We have, after the close of the government's case, the trial court saying that venue was proven. We have on the quorum novus petition the appellate division saying that there was no defect in the venue. And then we have a federal district court saying it's so obvious that under state law, the conviction should have been dismissed because venue was not properly proven. I mean, that seems pretty outlandish, doesn't it? It does, your honor. That's why we're here. Why wasn't this, it's kind of shocking that this was not relied upon in the district court. That's, I think, part of the problem here is that it was raised in a motion for reconsideration. Given that this was the whole theory of the prosecution, how is it possible that in opposition to the habeas, this is not raised, and this particular effect argument is made that has nothing to do with this case? There is no question that this was a mistake by my office in responding to the quorum novus petition and the habeas petition. Part of the problem is that Mr. Will Statter in his quorum novus and habeas petition made a lot of claims. This was just one out of nine or ten different claims. Someone had to brief them and respond to all of them. We were confident and we remain confident that there was also particular effect jurisdiction. Excuse me. I mean, I guess one thing, and I sort of take your point about the volume of issues raised, but the way you are presenting this now is that this conspiracy venue issue is so obvious, and it was the entire focus of the trial, and there were motions about it at the trial, and I guess that just makes it that much harder to understand why it wouldn't have come up prior to post-decision by the district court. The petitioner here in his quorum novus petition and in his habeas petition in the federal court argued that the only possible basis was particular effect, and we responded to that in time. To me, that's not to say that because the petitioner didn't flag what maybe is your best response, that's your explanation for not raising it. Your Honor, my office made a mistake. There's no question about that, but the point is we did find it and made the point clear on our motion for reconsideration, and our argument is that the district court abused its discretion in refusing to consider it on the motion for reconsideration. Your argument also is that it came up much later, right, because the jury instructions are based on conspiracy jurisdictions. You're just saying that in the context of the quorum novus petition and the initial habeas petition, you're responding to a series of arguments that you don't bring up conspiracy jurisdiction, but that's an oversight because you had brought it up before. It had been raised at the trial, for sure, and there was no real appellate argument here. It was not raised on his appeal in the state courts because it would have been a frivolous argument to raise. It was well established. So this distinction between conspiracy jurisdiction and particular effect, does it have a lot of purchase here? So if, in fact, we think that there's a conspiracy where he's selling drugs for resale into Albany County, that's both a particular effect and also a conspiracy, right? Do you think you'd get something extra from the conspiracy theory that you wouldn't get from particular effect? We think that not really. I think that both of them are valid theories of venue here. The particular effect issue, even if it would be valid, the issue would be of notice whether or not it should have been noted somehow in the indictment that that was the basis or venue that was being relied upon. That would be the issue, right? Well, that would be the argument, I suppose, but- There's no new law that would suggest if you have a conspiracy in an indictment and you have the substantive counts, and especially here where one of the overt acts references at least some of the substantive counts, that somehow something more was required by way of notice on that theory. But I don't know the particular effect issue. At least my look at New York law seemed a little bit unclear of whether when you're relying upon that, there's some type of notice in the indictment about that. The defense has to have notice of what the theory is, but it doesn't have to be in the indictment. That's very clear. Well, they didn't have notice of that because you didn't rely on the particular effect, right? Excuse me? You didn't rely. That wasn't the basis for the theory, so they didn't have notice anywhere during the trial because that wasn't the basis. That's true. Let me ask you one other question.  I'm going to ask this to Mr. Wolfstadter, too. There's a second issue, which is on this issue of waiver. Assuming that we were able to align the district court's finding with respect to waiver, the remedy for this type of ineffectiveness, I think as you pointed out, would normally, generally, be de novo appeal, right? Yes. Not a vacating of the conviction. In other words, if we were to determine the district court found this argument waived, therefore, ineffective assistance of appellate counsel, but we're going to send it back to New York State, de novo appeal, they could decide it based upon the, they're not bound by the district court's finding here on waiver with respect to the conspiracy. If we were to send it back, they would say there's clearly venue here based upon the conspiracy law, correct? That's exactly right. And it is clear that the remedy for ineffective assistance of appellate counsel is to send it back for a new appeal in the state courts, and Judge Kahn improperly took the issue away from the state courts. He was so confident that he was right, that the only possible basis for venue here was this particular effect theory, and that wasn't proved, that he ordered, basically, the counts dismissed, and that was improper. If he was concerned about the fact that this defendant was finishing the end of his term and shouldn't be kept in jail any longer because of the state court proceedings that might take time for an appeal, he could have done many other things, including release him on bail or order the state to decide the appeal within a very limited time. I mean, he could have, but if he was confident that the charges were brought in excess of the jurisdiction, maybe it would be appropriate to do so. And he was very wrong about that. He viewed this as a local DA bringing a charge that he had no business bringing when, in fact, this case was brought by the state's organized crime task force. Its mandate is to bring cases that involve multi-jurisdictional cases. They use this conspiracy theory of venue all the time, and the form of the indictment here gave plenty of notice to the defendant. So I want to ask you about that, about the notice, because you just answered to Judge Bianco that actually he wouldn't have noticed that you're relying on a particular effect theory because that wasn't the theory, but I thought your position was you don't have to specifically allege a theory of venue. It just has to be the facts of the indictment give notice that the venue is proper, right? Exactly right, and I'm sorry. If I look at the indictment, it alleges that Goodson and Turner got cocaine from Whitehead to sell it in furtherance of the conspiracy. Goodson and Turner end up selling it or possessing it or selling it in Albany County, right? Yes. So I can understand that either as the conspiracy operated with a connection to Albany County or a particular effect in Albany County, right, because there's a resale into Albany County. I agree with that. So you weren't required to say somewhere in the indictment this is particular effect or this is conspiracy as long as there's notice that the venue is proper based on the facts, right? That's right, Your Honor, and your Court of Appeals has made clear that that particular effect does not have to be pleaded in the indictment as long as there's notice to the defendant. And the form of the indictment here is absolutely standard both in state and federal courts. Lay out a conspiracy case involving narcotics distribution, list a bunch of overt acts, and then list a bunch of substantive criminal charges that flow out of the conspiracy. There was no question that the petitioner in this case had any confusion about the venue here. All right. And so then can I ask just about the specific allegation or the specific counts that are about the transaction that happened on February 27th, right? So there's the allegations about Whitehead being involved in a drug transaction where he said on the phone that he had the drugs to sell, and they met in an apartment, and then they drove to Woodbury Common and made a deal, right? And he drove to an Albany apartment to deliver the cocaine, right? That's correct. So with respect to these allegations, you did in the middle of trial amend Counts 227 to 29 to list the county as Orange County, which is where Woodbury Common is, as opposed to Skagsby County, which you originally alleged. Correct. So is your position because the trial court allowed you to do that because it didn't really affect the theory, you could have also added the fact that Albany was part of the transaction too, couldn't you have? Well, and Schenectady was part of the transaction too because the original phone call setting the transaction in motion were made from New York to Schenectady. If you amend to add Orange County, is there a reason for thinking it wouldn't have allowed you to amend to add Albany County? No, there's no reason to think that, Your Honor. All right. Thank you. Mr. Wohlstatter. I'm Richard Wohlstatter from Norman Whitehead. Your Honors, first the respondent argued that they had shown particular effect by the preamble of what they said was the indictment, which was false. It was the preamble of a conspiracy count. Now, respondent concedes it did not present a particular effect theory at all. In their brief at page 44 and the joint appendix at page 169, they concede that it was always supposed to be a conspiracy theory. And their conspiracy theory was not argued in the appellate division. It was not argued in opposition to the petition. It was not argued in- All right, put aside the issue of waiver. Let's put aside the issue of waiver. What's wrong under New York State law about this? Excellent. I'm prepared to do that. The government is 100% wrong. You need to look at 2041B. 2040- Before you get to that argument, why couldn't we say on an effective assistant counsel claim on the issue of prejudice, regardless of what you think about New York law, we know that the trial court in this case denied this motion from a co-defendant. Could have been in Taub, the court of appeals says you can raise it on direct appeal. And in Taub and Steingut, the court of appeals granted a writ of prohibition, which you need to show clear legal error that there was a legal impediment to conviction, which is exactly what 210-1H says. Taub and Steingut, those are the cases, right? They're not about a pleading requirement, right? So in both of those cases, the activity that happened in the county of indictment just wasn't sufficient to establish jurisdiction, right? But in Taub it says you can raise it on direct appeal. Let me just finish the point. I'm sorry. The alleged crime is about monkeying with an election, and the court says the mere fact that people voted in your county isn't enough of an effect to say that you have jurisdiction. And in Taub it's a tax offense, and the court says the mere fact that taxes are processed in New York County isn't enough to establish jurisdiction. So aren't those cases really about the substance of the activity that happens in the county? It's not about a failure to plead it adequately. But both cases refer to the necessity to at least say there was a particular effect. And what they say in Taub is if you say there's a particular effect and you amplify it by a bill of particulars, that might be enough. And at footnote, I think it's eight, it says, but you could raise it on direct appeal. And so here, there was a direct appeal to- I read the complaint in this case, and the complaint tells me that he's- You mean the indictment or the complaint? Sorry, excuse me. Yes, it's a criminal. It's the indictment. So I read the indictment in this case, and the indictment tells me that Whitehead sold drugs that were then resold into Albany County. So don't I see a particular effect from- I'm sorry, it said that Whitehead sold drugs in Albany County? No, he sold drugs that were then resold into Albany County. It doesn't say that. It doesn't say that in the indictment. It says that there was a, that he bought drugs, and it's a redistribution in the capital district. This is a special appendix 11. It says that Goodson and Turner obtained cocaine from Whitehead to sell it in furtherance of the conspiracy, right? And then I know- Where are you looking? Well, the citation I have is the- I think this is count one, right? Well, count one- Did you deny that the indictment alleges that Goodson and Turner obtained cocaine from Whitehead? It's what the overt act alleged is overt act 29. On February 27, Williams sold- You have this point that you have to specifically put it in the count about the possession or sale. That's because- If I'm going to- let's just bracket that for a second. So let's say I could look at the entire complaint. So do you agree that if I look at the entire complaint, it's clear that Whitehead is engaging in drug transactions that resulted in a resale into Albany County?  It's not? No. Don't Goodson and Turner get charged with possession of a controlled substance that occurs in Albany County? Yeah, but my client wasn't charged with it. And it also got the drugs from Whitehead, right? Well, I don't see that. I see that it says the allegation, the only allegation of an overt act is the one I pointed out that's on the number 29 there. And in fact, the section of the law for conspiracy, and this is really important, allows you, a prosecutor, to present to a grand jury an indictment charging a conspiracy when the conspiracy took place in the county. So that Hrabowski, the court of appeals case, says if overt acts are not charged but they prove venue in the county, that's fine. But there is no case that says you can charge a conspiracy and you don't have to allege that the substantive counts are part of the conspiracy. This section of the law, 2040- Which case says the opposite? Which case? You don't sign any case that says when you have a conspiracy and you have substantive counts related to that conspiracy, they're in the same indictment, they relate to the conspiracy. In fact, one of the overt acts refers to three of the five substantive counts, paragraph 29. Not the name. What case in the history of New York has said that you have to put something in the substantive counts to say, by the way, the venue for these substantive counts is because of conspiracy on count one. No case has ever- All the cases for conspiracy say you have to allege the conspiracy extended into this other county if they're going to be part of the conspiracy. So they didn't allege that the substantive counts were part of the conspiracy. They didn't allege that the substantive counts were over acts of the conspiracy, nor did they- Doesn't paragraph 29, when it says on or about February 27, 2011, your client sold 480 grams to redistribute in the capital region, and then the substantive counts, three of them, deal with that exact overt act. So it is abundantly clear, certainly with respect to those three, that it's based upon paragraph 29 in the conspiracy. Well, it doesn't allege that they're- that those- it doesn't reallege what's alleged in count one and the other counts, and it doesn't specifically allege that they're overt acts or acts further. What New York case says that has to be realleged in the substantive count? What the case law says is that you have to follow the statute. That if the statute doesn't permit jurisdiction- that the only way you can get out of charging it in the county is if the conspiracy was acted upon in the county. Otherwise, it has to be charged as particular effect jurisdiction. And they don't have particular effect jurisdiction. They didn't charge it to the grand jury. They misrepresented to the appellate division and to the district court that they had particular effect jurisdiction to try to oppose our application. A moment ago, you said that the state never talked about particular effect jurisdiction until later, but now you're saying they misrepresented- No, no. They talked about it first. Now they're backing out of it. In other words, in opposition to the Coram Nobis petition, they said, oh, we have particular effect jurisdiction. See, it's in the- That's the Coram Nobis petition, but in the trial, the district court instructs the jury about finding jurisdiction and instructs it- and it includes conspiracy as a possible predicate for jurisdiction. But what happened at the trial is not relevant to a challenge to the indictment. The challenge to the indictment is separate. In New York, you have to have an indictment that alleges jurisdiction- these were acts in furtherance of the conspiracy charge in count one, then it would have been fine. I think it would have been. And if it said these sales resulted in a resale into Albany County, it also would have been fine. If it alleged that those sales were part of the conspiracy, yes. Okay, and you're saying it's so obvious that the failure to put in that cross-reference in the complaint should result in dismissal of the indictment- that the federal habeas court could decide that this is such a reasonable application of the law- that it's obviously a violation of the Sixth Amendment, that the council didn't seek that remedy? Yes, and it's because it didn't allege the conspiracy included these counts, and that argument was waived, and because- But do you agree that, just as a matter of fact, it did because it's the February 27th transaction, which does appear in the conspiracy case? As a matter of fact, it did not, because it did not allege that those counts were overt acts or acts in furtherance of the conspiracy. In order to extent- because all that that statute says is, you can charge a conspiracy in a county if it occurred there. That's what it says. It doesn't say anything about acts taking some place- taking place someplace else. Doesn't Tauber-Steingott say the paradigmatic example of a particular effect is when you sell drugs for resale into another county? In dicta, one of the cases says that. Well, I understand, but if our standard here is that fair-minded jurists would have to agree that there was a denial of a Sixth Amendment right, and I have dicta from a New York state court that says this would suffice for a particular effector- But it did not allege that here. It's possible that there's a jurist in New York who's fair-minded that would think this was sufficient? No, because it didn't allege that in this indictment, and that- what's good for the goose is good for the gander. If we don't raise something, we're held to that standard. Can I just go back to what I had said before? So we do have the following scenario, right? So Williams makes a pretrial motion to dismiss the indictment for failure to allege venue, right? And the trial court denies it. I think that's right. And then Williams also makes a motion at the close of the government's case to dismiss for failure to prove venue, and Whitehead joins that motion, and the trial court denies it, right? But that's a different motion. It's a different motion. That's a legal sufficiency. But they do that. Then the jury is instructed that they need to find venue by preponderance of the evidence, and the jury finds venue, right? Also nothing to do with the indictment. After the trial, Whitehead- after the direct appeals, Whitehead files a corrupt opus petition saying there was improper venue, and the state appellate court denies it, right? Without opinion. So we have two trial court determinations, a jury determination, and an appellate court determination that all say that venue was proper. But yet you're saying that a federal court can be so confident that this would have made a difference that we should vacate a state conviction and release somebody from prison. The trial decision about whether there was legally sufficient evidence has nothing to do respectfully with whether the indictment was proper. And Whitehead didn't- Whitehead's trial lawyer didn't move to dismiss it. Did you adequately prove it at trial that could overcome even a- No, if it's not in the indictment, it's not curable at the trial. Under New York law, it's uniform. Let me just ask you a question I asked Mr. Flanders. Assuming we disagree with, even if you were correct, that with respect to ineffectiveness, that a district court should vacate the conviction. If we sent this back to the New York State Appellate Division, why wouldn't they say, clearly say, on the issue of prejudice, there couldn't possibly have been prejudice here for not raising this because the district court, as Judge Monash pointed out, with respect to the co-defendant, denied this precise motion. Because it wasn't raised on direct appeal. It should have been raised on direct appeal. The lawyer should have said, Whitehead's lawyer didn't move to dismiss this thing. And Whitehead's lawyer was ineffective for not doing it. And there's no particular effect jurisdiction here. Forget about, please, forget about particular effect. Sorry. This was on conspiracy. And there's no conspiracy theory. The trial court denied the venue with respect to the co-defendant on the theory that it was part of the conspiracy, right? That was the- I don't remember what his decision was. It was William's decision. It wasn't my case. Trust me. That was the basis for the decision. So assuming that was the basis for the decision, why isn't it clear that there was no prejudice for your client's failure to raise this? Because that decision was wrong and should have been challenged on appeal. It should have been challenged by Williams and it should have been challenged by Norman Whitehead's lawyer. You say it's wrong as a matter of state law. But the question here, as the Supreme Court has told us, is not. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under 2254D. So the question is not whether counsel's actions were reasonable. The question is whether there's any reasonable argument that counsel satisfied Strickland's deferential standards. You're saying it's impossible for any fair-minded person to conclude that it wasn't worth challenging the adequacy of the pleadings after it had been rejected all those times by the trial court. The trial court is not the decider. It's the appellate courts of the state of New York that is the decider. And this issue wasn't raised- So you think the trial judge was not a fair-minded jurist? Like that was just a totally out-to-lunch determination? We don't have to show whether the trial judge is a fair-minded juror. The question is whether there's a reasonable probability that this would have been successful. And there was. I mean, that's really what it is. Well, that is a Strickland standard, right? But we are on habeas, right? So there has to be a violation of clearly established law. We have to be confident that there's just a clear violation of the Sixth Amendment here, that Whitehead was operating as if he was denied his right to counsel. And I think it was. So there's no reasonable argument that the challenge to the indictment on appeal would have succeeded. What I'm saying is that if you are a fair-minded jurist and you look at this, you will say there's a reasonable probability that he would have prevailed if this issue had been raised. Because the conspiracy theory is not based on law. I don't know why the government is- If I disagree with the district court that you do not separate the ITPA standard from the Strickland standard, that you have to apply both of them in a layered fashion. And so my question is not whether there's a reasonable probability he could have prevailed. My question is whether it's clear that he would have prevailed. There's no reasonable possibility that he wouldn't have prevailed because I'm saying that it has to be clear that it's a violation. Are you saying that your case would meet that standard too? Am I saying what? That your case would meet that standard? I'm saying that any fair-minded jurist would find that there's a reasonable probability that he would have won if he had raised this issue properly in the state courts. Thank you. Okay, Mr. Feinberg, you have two minutes on your file. There's a lot to respond to. I'll try to be very brief. I don't want to use up all your time, but I do think it's important on conspiracy, not on particular effect, on conspiracy. I think his main argument is that that had to be somehow alleged in the indictment, that his client had noticed that that's what the theory was with respect to the indictment. What's your response to that? That is simply not true. There is no case that says you have to allege that each substantive count is in furtherance of the conspiracy. The issue under New York law is one of notice, not specific pleading. And if this had been challenged in the trial court, all that would have happened, judge might have gone back to look at the grand jury minutes to see whether it was properly charged in the grand jury, which it was, or the judge could have said you don't have enough in terms of proof. You have to go back and maybe re-present it to the grand jury and get a new indictment. There is no set of events that this would have resulted in dismissal of these charges, and that's one of the fundamental points that I want to make clear here. You're saying there's no reason, possibility. I mean, do you agree with what I said a moment ago, that actually the district court was wrong to say that you don't layer the INPA standard on top of the Strickland standard? That was a double negative. I didn't quite get the question. Let me put it this way. But if we're talking about a habeas petition, the question is not whether Whitehead can meet the Strickland standard. The question is whether no fair-minded jurist could conclude that he does not meet the Strickland standard, right? That is correct, Your Honor, and one of the fundamental flaws. And so you don't actually have to show there's no reasonable possibility. You just have to show there's a reasonable argument that he wouldn't have suffered prejudice, right? That's correct. All we have to show is that there's a colorable argument here that there was venue and that this wouldn't have made a difference. And then one of the basic mistakes that Judge Kahn made here was in reviewing this issue de novo, when he says he's reviewing it de novo, when, in fact, he was supposed to be deferring to the third department's dismissal of the Corum Novus petition and have to think about any ground that could possibly have supported that result, which he failed to do. I want to return to the waiver point, if I can, because there certainly was no intentional waiver of this argument. And in denying the motion for reconsideration, Judge Kahn cited Rule 59E, but Rule 59E clearly permits reconsideration in the case of clear error or manifest injustice. And that's the rule that should have been applied here. The cases that he cites are all civil cases involving damages actions. They don't involve habeas. And the judge completely disregarded the substantial federalism and comedy issues involved when a federal court grants habeas relief. All right, thank you both. We'll reserve decision. Have a good day.